IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                   : CHAPTER 7
                                         :
SCOTT W. SEGEN                           :
                      DEBTOR(S)   : BANKRUPTCY NO.  10-14574 SR

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

        Before the Court is the Objection of Herbert Gross to the Debtor's exemptions.

The Objection is opposed by the Debtor.  At a hearing on the matter, the Debtor

represented that there existed dispositive, controlling authority which he had not yet

brought to Gross' attention.  Debtor's counsel furnished that authority to Gross' counsel

who was granted an opportunity to review that authority and to respond in a letter brief.

The Court is in receipt of that submission and is prepared to rule on the Objection.

*Background*

        Gross is a judgment creditor of both the Debtor and his wife.[1]  Prepetition, Gross

had the U.S. Marshal levy on their personal property.  The Debtor commenced this

bankruptcy case and listed among his assets property owned individually by him as well

property owned by him and wife jointly.  In his Schedule C, the Debtor seeks to exempt

from property of this estate property which is both individually and jointly owned.  The

Debtor has chosen the federal exemptions.  The jointly owned property is held by the

---

[1] She is not a debtor.

Debtor and his wife as tenants by the entirety.

*The Issue*

The specific question before the Court is this: May an individual debtor whose estate consists of property owned individually and by the entireties and whose liabilities likewise consists of debts individually and jointly owed, exempt from his estate the jointly owned property?

*Analysis*

The Bankruptcy Code allows a debtor to exempt certain property from the estate. The Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Third Circuit has "emphasized Congress' intent to delineate in broad terms what constitutes property of the estate." *See In re O'Dowd,* 233 F.3d 197, 202 (3d Cir. 2000). Indeed, the legislative history states, "[i]t includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property currently specified in section 70a of the Bankruptcy Act." H.R.Rep. No. 95-595, at 367 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323. In that vein, the Third Circuit has held that § 541(a) is "certainly broad enough to include an individual debtor's interest in property held as a tenant by the entirety." *Napotnik v. Equibank & Parkvale Savings Ass'n,* 679 F.2d 316, 318 (3d Cir.1982). This Debtor's estate consists of property owned individually as well as by the entireties. All of it, however, is part of his bankruptcy estate. *Id.*

*The Bankruptcy Code's*
*Exemptions Scheme*

The Code provides for two exemption schemes:

2

(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) [the federal exemptions] or, in the alternative, paragraph (3) of this subsection.

(2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

(3) Property listed in this paragraph is—

(A) subject to subsections (o) and (p) any property that is *exempt under* Federal law, other than subsection (d) of this section, or *State or local law* that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition...

(B)  any interest in property in which the debtor had, immediately before the commencement of the case, *an interest as a tenant by the entirety* or joint tenant to the *extent that such interest* as a tenant by the entirety or joint tenant *is exempt from process* under applicable nonbankruptcy law

11 U.S.C. § 522(b)(emphasis added).  Thus, a debtor may elect the specific federal

exemptions (subsection (b)(2)) or the general state and *non*bankruptcy federal law,

general exemptions (subsection (b)(3)).[2]  The federal exemptions are set forth in

subsection (d): they are item-specific as well as limited in dollar amount.  *See* 11 U.S.C. §

522(d).  More importantly, unlike the state law exemptions in subsection (b)(3), they do

---

[2] That is, so long as a state has not "opted out" of the federal exemptions category.  *See* 11 U.S.C. § 522(b)(2) (allowing states to limit exemptions to those provided by them). Pennsylvania, however, has *not* opted out of the federal exemptions and thus either the state or federal exemption are available to its debtors.  *See Brannon, supra,* 476 F.3d at 174

3

not provide for or otherwise reference property that is owned by the entireties.

*The Debtor's
Exemptions*

The Debtor has chosen to exempt the following jointly owned property pursuant to

the federal exemptions:

| <u>Type</u> | <u>Statute</u> | <u>Amount</u> <u>Exempt</u> |
|------|--------|---------------|
| Cash | 11 U.S.C. § 552(d)(5)[3] | $    300 |
| Accounts | 11 U.S.C. § 552(d)(5) | $  6,200 |
| Household Goods | 11 U.S.C. § 552(d)(3)[4] | $11,525 |
| Furs/Jewelry | 11 U.S.C. § 552(d)(4)[5], (5) | $  5,153 |

*See* Schedule C.

Regardless of the exemption scheme chosen, Gross maintains that because he is a

judgment creditor of *both* the Debtor and his wife, such property may not be exempted to

*any* extent whatsoever.[6]  Gross relies on the long-settled rule that in bankruptcy, entireties

---

[3] Exempts "[t]he debtor's aggregate interest in any property, not to exceed in value $1,150 plus up to $10,825  of any unused amount of the exemption provided under paragraph (1) of this subsection."

[4] Exempts "[t]he debtor's interest, not to exceed $550 in value in any particular item or $11,525  in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

[5] Exempts "[t]he debtor's aggregate interest, not to exceed $1,450  in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

[6] Because Gross' Objection does not go to the amount of the proposed exemptions, the
(continued...)

4

property is not exempt from process as to a joint creditor.  He cites in support *In re Napotnick,* 679 F.2d 316 (3d Cir. 1982), *In re Romano*, 378 BR. 454 (Bankr.E.D.Pa.2007) as well as decisions from outside this circuit.  Specifically, Gross cites the statement from Bankruptcy Judge Fox's decision in *Romano* that "when one spouse files a voluntary petition in bankruptcy and owns property by the entireties, and there are both joint and individual debts, the entireties property is not exempt and may be administered, but for the benefit of joint creditors only."  378 B.R. at 462.

Debtor does not dispute that principle.  His counsel explained at the hearing that for that reason, he advised his client to elect the federal exemptions instead.  *See* Transcript of Hearing, 10/5/10, 6.  It is the Debtor's position that a married individual debtor may exempt 100% of the value of entireties property from a joint creditor's claim *under the federal exemptions*.  *Id*.  He offers two cases in support of that theory: *In re Brannon*, 476 F.3d 170 (3d Cir. 2007) and *In re Coley*, 2010 Bankr. LEXIS 3110 (Bankr.E.D.Pa. September 22, 2010).

After reiterating the general principle regarding entireties property and joint creditors set forth in *Napotnick* and its progeny, Gross' brief sought to distinguish the authority offered by the Debtor.[7]   For Gross, a key distinction between *Brannon* and this case is that both Mr. *and Mrs.* Brannon were bankruptcy debtors:

In *in re Brannon, supra*, the Third Circuit had before it a

---

[6](...continued)
amounts of each item of property to be exempted are not set forth.

[7] In *Coley, supra*, Bankruptcy Judge Frank followed what he considered to be the holding in *Brannon* as to whether entireties property was entitled to an exemption under the federal set of exemptions.  Therefore, the Court need not analyze *Coley* as closely as it must *Brannon*.

5

bankruptcy case in which **both** husband and wife were debtors, and were both present before the Court.  The Third Circuit stressed, in permitting each of the debtors to exempt up to 100% of their individual exemption in separate entireties property the crucial fact that both husband and wife were before the Court and had the opportunity to consent to the allocation of the exemption.  *See, in re Brannon, supra*, 476 F.3d at 176 ("[u]nder Pennsylvania law, despite the objection of his creditors, a tenant may act on behalf of both spouses with respect to the whole of the entireties property, **so long as the other spouse does not object.  Because these were joint bankruptcies and joint creditors were listed**, appellants on both cases chose to apply the federal exemptions.").

Thus, *in Brannon*, each of the debtors identified different entireties property they wished to exempt *but it was only because these were joint bankruptcies and the claims of joint creditors were listed and administered that this was permitted.*

Gross' Letter Brief, 2 (bold emphasis in original, italics emphasis added).  This, however, is a misreading of *Brannon*.  The Third Circuit laid no legal emphasis on the fact that both spouses were debtors.  What mattered to the Court of Appeals was that the property was held by the entireties:

As noted earlier, bankruptcy does not sever a tenancy by the entireties, but leaves its general characteristics in place, *including the right of one tenant to act on behalf of both*. The trustee's authority does not generally supersede that power. [citations omitted]

A tenancy by the entireties has a number of unique features designed to protect the property of husband and wife. The ability of the husband and wife to shield property through this form of ownership is to some extent in friction with the bankruptcy process of making a debtor's assets available to creditors. Nonetheless, the attributes of entireties ownership

> remain intact while the trustee holds the property following
> the filing of a bankruptcy petition unless, or until, spouses fail
> to seek exemptions for the entireties assets.

476 F.3d at 176 (emphasis added).  This form of ownership is unaltered by bankruptcy.[8]

It allows either owner of the entireties property to act on behalf of the whole unless the

other objects.  In *Brannon* acquiescence was implicit given that both spouses filed

bankruptcy and took the federal exemptions.  The same conclusion could be reached in

this case.  Although this Debtor's spouse did not file bankruptcy, she has not objected to

what the Debtor is exempting.  So the fact that one case involved joint bankruptcy debtors

and this case an individual debtor and a joint judgment creditor is immaterial.  Entireties

property may be exempted of by one owner even in bankruptcy.

Operating from this premise, the Third Circuit recognized that the debtor who

owned entireties property was not foreclosed from taking the federal exemptions:

> The presence of joint liability, however, does not necessarily
> prevent a debtor from excluding entireties property from the
> estate. The debtors' other option for shielding their holdings,
> including entireties property, from bankruptcy administration
> is through the federal exemption. *Unlike the general*
> *exemptions, the federal ones do not provide an exemption for*
> *entireties property as such.*  Instead, they grant debtors a
> *series of specific exemptions*, including the provision at issue
> in this case, § 522(d)(5).  *See* § 522(d), (b)(2).
> Under § 522(d)(5), a debtor may exempt his "aggregate
> interest in any property, not to exceed in value $975 plus up to
> $9,250 of any unused amount of the exemption provided
> under paragraph (1) of this subsection." § 522(d)(5) provides

---

[8] Note here how the Third Circuit distinguished this situation from that in *U.S. v. Craft*, 535 U.S. 274, 122 S.Ct. 1414 (2002).  There, the Supreme Court held that a federal tax lien against one spouse attached to entireties property.  The Third Circuit noted the "sweeping power" afforded the IRS by statute was not found in the Bankruptcy Code. 476 F.3d at 177.

7

for a dollar cap of the property that may be exempted, but
does not require that the property be "exempt from process"
under nonbankruptcy law.

Thus, even though spouses may not be able to shield all their
possessions from joint debtors under the general exemptions,
that does not preclude a claim for an exemption of the
property under the federal provisions up to the dollar limit
specified.

*Id. (*emphasis added).  The right of the *Brannon* debtors to take the federal exemptions

*did not* depend on both spouses having filed bankruptcy.[9]  That right existed

independently.  Where it is limited is in the type of property and the dollar amount.[10]  The

Court thus rejects Gross' statement that "where there is a joint creditor, it does not matter

whether one takes the state or the federal exemptions" as far as entireties property is

concerned.  That is contrary to the Third Circuit's holding in Brannon.  This case is no

different from what the debtors did in *Brannon*.[11]  For that reason, the Court is persuaded

---

[9] It is worth noting that all of the cases offered by Gross in support of his position
involved debtors who took the state entireties exemption.  *See Sumy v. Schlossberg*, 777 F.2d 921
(4th Cir.1985) (Maryland entireties exemption); *In re Pepenella*, 103 B.R. 299 (M.D.Fla.1988)
(Florida entireties exemption); *In re Balber*, 112 b.R. 6 (Bankr.W.D.Pa.1990) (Pennsylvania
entireties exemption) The Court also reiterates that the Circuit Court's analysis speaks to the
rights of a debtor in this setting – not joint debors.

[10] Gross' fears that allowing the Debtor to exempt the entireties property in this case as
proposed could result in a 200% exemption if his wife later files her own individual case.  *See*
Letter Brief , 2.  The Court does not find this fear well grounded given that individual debtors are
entitled to their own separate set of federal exemptions; indeed, in joint cases the exemption
limits are expressly doubled.  (11 U.S.C. 522 (m))

[11] There is no need to undertake as extensive an analysis of *Coley, supra*.  *Coley* followed
the holding in *Brannon* that entireties property became property of the bankruptcy estate of a
single filing spouse.  *Coley* involved a claim by the single filing spouse that his exemption in

(continued...)

8

by the authority offered by the Debtor.

*Summary*

As a matter of law, the Debtor may exempt entireties property under the federal exemptions set forth in § 522(d).  Accordingly, Gross' Objection is denied.

By the Court:

_____

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>November 3, 2010</u>

[11](...continued)
entireties owned real estate was impaired by a judgment lien.  Coley had elected the federal exemption as to real estate (§ 522(d)(1)) but disagreed with the judgment creditor as to whether he could claim 50% or 100% of the amount of the equity in his home under § 522(f)(1).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              : CHAPTER 7
                                    :
SCOTT W. SEGEN                      :
                    DEBTOR(S)    : BANKRUPTCY NO.  10-14574 SR

# ORDER

**AND NOW,** upon consideration of the *Objection to Exemptions of Secured Creditor Herbert Gross*, and after hearing held thereon October 5, 2010, it is hereby:

**ORDERED,** the for the reasons set forth in the attached Opinion, the Objection shall be and hereby is DENIED.

By the Court:


_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: November 3, 2010

Counsel for Objector
JONATHAN J. BART, Esquire
Wilentz Goldman & Spitzer P.A.
Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102

Counsel for Debtor:
ROBERT M. GREENBAUM, Esquire
Smith Giacometti, LLC
270 West Lancaster Avenue
Building I
Malvern, PA 19355

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich